UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. LAWHUN, | ) | Case No. 1:05 CV 2491 |
| | ) | |
| Petitioner, | ) | Judge Kathleen M. O'Malley |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| ROB JEFFRIES, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

The petitioner, Jeffrey A. Lawhun, is a prisoner in state custody following his May, 2004 negotiated guilty pleas to one count of aggravated assault (Ohio Rev. Code § 2903.12), one count of breaking and entering (§ 2911.13), and three counts of burglary (§ 2911.12(a)(4)) in Crawford County Common Pleas Court cases 03-CR-0093 and 03-CR-0162.  On July, 26, 2004, the Crawford County Court of Common Pleas sentenced Lawhun to consecutive sentences totaling five years.  At the sentencing hearing, the court advised Lawhun of his appeal rights, his right to representation on appeal, and the 30-day timeliness requirement for appeal. (See Ohio App. Rule 4(A)).   Lawhun did not file a timely appeal, but waited until February, 2005, to file a *pro se* motion for leave to file a delayed appeal in the state appellate court. Leave was denied. Subsequently, the Supreme Court of Ohio dismissed his appeal as not involving any substantial constitutional question.  *see State v. Lawhun*, 106 Ohio St.3d 1487, 832 N.E.2d 739 (Table), (Ohio 2005).  Lawhun has now filed this timely petition for writ of habeas corpus pursuant to 28

1:05 CV 2491                                                    2

U.S.C. §2254,[1] on overlapping grounds that he was denied due process and equal protection of law.[2]

*Standard of review:*[3]

The respondent contends that this court is limited by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA) and the resulting restrictions outlined in 28 U.S.C. 2254(d);[4] however, Lawhun's claims were not "adjudicated on the merits in state court," *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), quoting *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000). When the state courts denied Lawhun's motion for leave to file a delayed appeal, they did so summarily and did not review the merits of his claims. Therefore, "the deferential standard of review set forth in section 2254(d) is inapplicable," *Clinkscale v. Carter*,

---

[1] 28 U.S.C. § 2254(a) states:
  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

[2] Specifically, Lawhun's petition asserts four grounds:
  (1) Denial of right of appeal – Due Process denial
  (2) Equal Protection – Due Process – denial of right to an Attorney to Appeal as of right, right to access to the Courts.
  (3) Due Process – right to a jury trial
  (4) Ineffective assistance of Trial Counsel

[3] Respondent correctly does not raise the issue of procedural default because "Rule 5(A) does not specify the criteria the courts should use in determining whether to grant a delayed appeal," and therefore held, "a rule that grants such discretion is 'not firmly established and regularly followed' so as to be adequate." *Deitz v. Money*, 391 F.3d 804, 810-811 (6th Cir. 2004).

[4] 28 U.S.C. § 2254(d) states:
  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings . . . .

1:05 CV 2491 3

375 F.3d 430, 435-436 (6th Cir. 2004), *cert. deni*ed, 543 U.S. 1177, 125 S.Ct 1316, 161 L.Ed.2d 162 (2005), and this Court may consider the merits of Lawhun's petition.

*Ground One:*

*Denial of Right of Appeal (Lawhun's guilty plea):*

Prior to the scheduled change of plea hearing, Lawhun attempted suicide, and was placed on psycho tropic medication. Lawhun contends that because he was heavily medicated at his plea colloquy, he did not knowingly, voluntarily, and intelligently enter a guilty plea. (Pet. Mot. 5). Indeed, "a defendant must have 'sufficient awareness of the relevant circumstances and likely consequences' of his plea.'" *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Moreover, "a guilty plea must be accompanied by 'an affirmative showing that it was intelligent and voluntary.'" *McAdoo*, 365 F.3d at 494 (quoting *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Still, in Federal habeas proceedings, "the state generally satisfies its burden by producing a transcript of the state court proceeding," *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

The transcript of Lawhun's plea colloquy, while mentioning his being medicated, (Plea Colloquy 3), indicates that Lawhun was competent in entering his plea. Lawhun's counsel specifically represented before the court that he discussed the plea agreement with his client and expressed his belief that "he understands everything that's happening here today and that he's entering this plea today knowingly, voluntarily and intelligently. (Plea Colloquy 3-4).

1:05 CV 2491 4

Lawhun's own actions support this statement as he affirmatively answered the court's questions regarding his understanding of the charges to which he pleaded guilty, his consequent forfeiture of rights, and the possible resulting sentences. (Plea Colloquy 4-14). The record explicitly supports competence to plea.

*Ground Two:*

*Equal Protection - Due Process - Denial of right to an attorney to appeal as of right:*

*Right to delayed appeal:*

Lawhun claims he was denied due process on the grounds that state courts denied him his right to appeal by denying his motion for leave to file a delayed appeal. Specifically, Lawhun contends he was over-medicated at sentencing and, as a result, unable to recall the court's notifications regarding his right to appeal within 30 days of the final entry of judgment. (Pet. Mot. 5). While a defendant has the right to notice regarding his appellate rights, *Jacobs v Mohr*, 265 F.3d 407, 419 (6th Cir. 2001), "the petitioner bears the burden of showing by a preponderance of the evidence that he was not advised of his rights." *Wolfe v. Randle*, 267 F.Supp.2d 743, 748 (S.D.Ohio 2003) (citing *Faught v. Cowan,* 507 F.2d 273, 275 (6th Cir.1974), *cert. denied,* 421 U.S. 919, 95 S.Ct. 1583, 43 L.Ed.2d 786 (1975).

Lawhun seeks to meet this burden by pointing out that at his sentencing hearing, his attorney requested that the judge proceed more slowly so that Lawhun could understand, and counsel states that Lawhun "has been prescribed and is taking Lithium, BuSpar, Paxil, Depakote,

1:05 CV 2491                                              5

Zefraud, and Seroquel [sic]." (Resp. Supp. Return of Writ, Exhibit B at 6). Nevertheless, at both his plea colloquy and sentencing hearing Lawhun's attorney notified the court that his client was medicated. Moreover, at sentencing, when asked if he had any questions regarding his right to appeal, Lawhun responded, "No sir." (Resp. Supp. Return of Writ, Exhibit B at 25). While the record indicates that Lawhun was medicated, he personally indicated to the court his understanding of his guilty plea, (Resp. Supp. Return of Writ, Exhibit A at 4), his sentence, and his right to appeal. (Resp. Supp. Return of Writ, Exhibit B at 25). Therefore, his contentions that he was denied due process because he was unfit to plead and unaware of his appellate rights are refuted by the record and are without merit.

*Denial of right to an attorney to appeal and denial of right to access the courts:*

Lawhun claims that he was denied counsel to perfect an appeal as of right and that he was denied access to the courts. At sentencing, the trial court explicitly advised Lawhun, and he affirmatively acknowledged, that he had "certain appeal rights," and that if Lawhun were unable to afford an attorney, one would be appointed to represent him in the appellate process; the court also indicated that a timely appeal must be filed within 30 days of final entry of the judgment. (Resp. Supp. Return of Writ, Exhibit B at 25). Still, Lawhun offers no indication that he attempted to avail himself of this opportunity to file a direct appeal. While Lawhun claims to have filed his motion for leave to appeal "at the very first opportunity," alleging that the process by which he was transferred hindered his access to the courts by denying access to a law library and funds for mailing an appeal. (Pet. Mot. 5), he offers no specific support for these claims.

1:05 CV 2491                                                    6

Lawhun's claim is further undercut by his prior state appellate claim that he filed his appeal as soon as his medication was reduced. (Resp. Return of Writ, Exhibit O at 6). Lawhun claims that he filed his motion for leave to appeal when he was permitted access to the courts or, in the alternative, when his medication was sufficiently reduced. In effect, Lawhun is contending that he was either lucid but hindered by the process of incarceration or enabled but over-medicated. Both cannot be true. Because Lawhun's contentions regarding his failure to perfect a timely appeal are insufficiently supported and inconsistent, these contentions are not persuasive.

Lawhun further argues that the state violated his equal protection and due process rights by failing to provide him with counsel in the appellate process. Pursuant to Ohio's Rules of Appellate Procedure, a party must file an appeal as of right within 30 days of the entry of judgment. 25 Ohio Rev. Code Ann. AppR 4(A) (LexisNexis 2005). "In first appeals as of right, States must appoint counsel to represent indigent defendants." *Halbert v. Michigan*, 125 S.Ct. 2582, 2587, 162 L.Ed.2d 552 (2005) (requiring counsel for indigent defendants seeking first-tier review of guilty pleas in the Michigan Court of Appeals); *see Douglas v. California*, 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). This holding does not apply, however, to discretionary appeals. *Halbert*; 125 S.Ct. at 2587, *see Ross v. Moffitt*, 417 U.S. 600, 610-612, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974)); *accord Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (holding that prisoner had no right to appointed counsel in post conviction proceedings). Lawhun was not seeking an appeal as of right. Ohio Appellate Rule 5 provides for "appeals by leave of the court," 25 Ohio Rev. Code Ann. AppR 5 (Staff Note 7-01-

1:05 CV 2491                                              7

03 Amendment) (Lexis Nexis 2005), and appeals pursuant to Rule 5 are clearly discretionary. Because Lawhun filed a motion for leave to file a discretionary delayed appeal, his claim that his due process rights were violated due to lack of counsel in perfecting his delayed appeal is without merit.

*Ground Three:*

*Due Process - Right to a jury trial (Blakely arguments):*

Lawhun further contends that his sentence violated the Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because, he claims, the trial court relied on "factors that were based upon a preponderance of the evidence standard, not [factors found] beyond a reasonable doubt" in determining his sentence and in requiring him to serve it consecutively. (Pet. Mot. 6).

In *Blakely*, the Supreme Court reaffirmed its position that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). The Supreme Court rejected Washington State's argument that the trial court did not exceed the maximum sentence for second-degree kidnaping; instead, the Court found that Washington's 10-year maximum sentence was further limited by Washington's Sentencing Reform Act which specified a standard range of up to 53 months, unless the judge found

1:05 CV 2491                                           8

aggravating circumstances.  *Blakely*, 542 U.S. at 303.  While the Washington trial court justified the 90-month sentence because it found Blakely acted with "deliberate cruelty," *Id.* at 300, the Supreme Court held that the maximum sentence is the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* at 303 (emphasis in original).   Blakely did not admit, and no jury found, that he acted with deliberate cruelty; therefore, his sentence violated the Sixth Amendment.  The reasoning in *Blakely* and its federal counterpart, *United States v. Booker*,  543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), disfavors determinate sentencing schemes which require the sentencing judge to apply finite variables to calculate a permissible sentence in accord with progressively severe preset targets which limit judicial discretion.  There is far less friction with the Sixth Amendment in indeterminate sentencing where the sentencing judge operates solely under personal discretion in formulating a sentence up to legislatively-set maximums, because no additional explicit fact-finding is required.

Returning to Lawhun's argument, he had pleaded guilty to one count of breaking and entering, a fifth-degree felony (Ohio Rev. Code § 2911.13), three counts of burglary, a fourth-degree felony (§ 2911.12(a)(4)), and one count of aggravated assault, a fourth-degree felony (§ 2903.12).  In Ohio, fifth-degree felonies may carry a prison sentence of 6 - 12 months, and fourth-degree felonies may carry a prison sentence of 6 - 18 months. Ohio Rev. Code Ann. § 2929.14(A)(4-5) (Anderson 2003).  At the time of Lawhun's sentencing Ohio law presumptively favored the minimum sentence when the offender was not previously in prison, Ohio Rev. Code

1:05 CV 2491                                              9

Ann. § 2929.14(B) (Anderson 2003).  The trial court sentenced Lawhun to 10 months in prison for breaking and entering, 12 months in prison for each count of burglary, and 14 months in prison for aggravated assault, to run concurrently.

*Ohio's sentencing scheme in light of Blakely:*

Recently, in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), the Ohio Supreme Court evaluated the state's sentencing scheme in light of the holdings of the U.S. Supreme Court in *Apprendi*, *Blakely*, and *Booker*.  The Ohio Supreme Court determined that "Ohio's felony, sentencing plan is a hybrid" of determinate and indeterminate sentencing, *Foster*, 109 Ohio St.3d at 12, and, the court severed the determinate aspects of the system. *Id.* at 17.  *But see Smith v. Wolfe*, No. 2:04-CV-1010, 2006 WL 1133318, at 9 (S.D. Ohio Apr. 26, 2006) (finding Ohio's sentencing scheme to be indeterminate and, therefore, distinguishable from the scheme found unconstitutional in *Blakely*).  Following the lead of state supreme court decisions in Indiana and New Jersey, *Foster*, 109 Ohio St.3d at 496 n.98, the Ohio Supreme Court eviscerated § 2929.14(B)'s presumption in favor of a minimum term.  *Id.* at 20.  Similarly, the court severed § 2929.14(E)'s fact-finding requirements prior to imposing consecutive sentences.  *Id.*  Both provisions were struck on the grounds that they permitted judges to impose heightened sentences only after engaging in additional fact-finding found unconstitutional in *Blakely*.  *Id.* at 25.

While the decision in *Foster* significantly alters Ohio's sentencing scheme, the Ohio Supreme Court's application of federal law is not binding on this Court.  *Cf. Coombes v. Getz*,

1:05 CV 2491                                                    10

285 U.S. 434, 441, 52 S.Ct. 435, 76 L.Ed.2d 866 (1932) (holding that the decision of a state supreme court was not binding where the contract clause of the Federal Constitution was involved); *Lewis v. Casey*, 518 U.S. 343, 379, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Garcia v. Wyeth-Ayerst Laboratories*, 385 F.3d 961, 964 (6th Cir. 2004) (holding that "a federal court evaluating the statute's validity under the federal constitution is not bound by a state court's evaluation of the same statute under the state constitution). The question *sub judice* is not whether the Ohio Supreme Court would have vacated Lawhun's sentence, rather it is whether Lawhun's sentence is invalid because it violated the Constitutional principles articulated in *Apprendi* and *Blakely*. Under *Apprendi* and *Blakely*, Lawhun's sentence is valid so long as the trial court considered only the facts admitted by Lawhun's guilty plea and prior convictions in determining his sentence. *Blakely*, 542 U.S. at 301.

*Validity of Lawhun's sentence:*

Lawhun's petition does not specifically challenge the state trial court's decision to impose a prison sentence rather than community control, but his *Blakely* arguments require this Court to briefly consider this. In deciding to impose prison terms in excess of the presumptive minimums, the trial court considered Lawhun's prior and current admitted offenses in a manner consistent with the then-valid Ohio sentencing statutes, stating:

> Further, I find that the following factors as enumerated in Ohio Revised Code 2929.13 (b) (1) [sic] are present:
>
> These offenses were committed while you were awaiting sentencing in Case No. 02 CR 0122; you were out on bond from this court. You had a pending felony when all of these other crimes were committed.

1:05 CV 2491                                    11

>     Case No. 03 CR 0162 further involved attempted physical harm to an
> individual by driving an automobile at him, which this Court considers a deadly
> weapon.

(Resp. Return of Writ, Exhibit B at 19-20); repeated in Judgment Entry of Sentence. (Resp. Return of Writ, Exhibit I at 1). While the state trial court did indicate that it was considering these factors pursuant to § 2929.13(B)(1) (which was subsequently severed as unconstitutional in *Foster*), the trail court is simply stating its determination using the requisite terminology of then-valid Ohio law. Consideration of prior offenses is expressly permitted by *Blakely*, *Id.* at 301, so the trial court's finding that Lawhun committed the crime while awaiting sentencing for another felony was clearly permitted. Accordingly, insofar as the prior offense and admitted current offenses were considered in sentencing on Lawhun's guilty plea, there was no violation of the Sixth Amendment.

This leaves the trial court's consideration of "attempted physical harm to an individual by driving an automobile at him." (Resp. Return of Writ, Exhibit B at 20). Obviously, this was not mere consideration of a prior offense. Lawhun pleaded guilty to aggravated assault; however, the state trial court's decision is distinguishable from *Apprendi* and *Blakely*. Ohio's aggravated assault statute criminalizes two sets of actions: to "cause serious physical harm to another . . . ," or, alternatively to "cause or attempt to cause physical harm to another . . . by means of a deadly weapon or dangerous ordinance" Ohio Rev. Code Ann. § 2903.12 (Anderson 2003). In finding that Lawhun's crime involved attempted physical harm, the state trial court was focusing attention on the set of elements to which Lawhun was pleading guilty when he entered his guilty

plea to the charge of aggravated assault.[5]  There was no indication that this comment constituted unconstitutional fact-finding for the purposes of enhancement of the sentence for aggravated assault.  Lawhun would have this Court view the trial court's reliance on his use of an automobile as analogous to the additional findings which were not permitted in by the Supreme Court in *Apprendi* and *Blakely*, but the trial courts in those cases relied on facts beyond those found by a jury or admitted by the defendant.  The trial court in the present case did not make additional findings; rather, the court relied on Lawhun's guilty plea.[6]

It could be argued that the trial court's reference to the automobile being a deadly weapon served to enhance Lawhun's sentence under Ohio Revised Code § 2929.13(B)(1)(b), which applies to fourth and fifth degree felonies and encourages imprisonment over community control where: "In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon."  Ohio Rev. Code Ann. § 2929.13(B)(1)(b) (Anderson 2003).  In *Foster*, the Ohio Supreme Court distinguishes these requirements from those it found unconstitutional under *Blakely*:

---

[5]  Ohio Revised Code §2903.12(A) states:
    No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
        (1) Cause serious physical harm to another or to another's unborn;
        (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

[6]  Under state law an automobile may be viewed as a deadly weapon, *see State v. Church*, No. 85582, 2005 WL 2401487, at ¶12 (Ohio App. 8th Dist., Sept. 29, 2005); *State v. Hutchins*, No. L 90-182, 1991 WL 154064, at *3 (Ohio App. 6th Dist., Aug. 9, 1991)

1:05 CV 2491                                              13

> At first blush, this portion of the statute appears to violate *Blakely,* but on closer inspection, it does not. If the appropriate findings are made, the court has no discretion and must impose a prison term; however, the statute does not prevent a court from imposing a prison term without these findings. There is no presumption in favor of community-control, in other words. If no findings are made under R.C. 2929.13(B)(1)(a) through (i), the court must find that a community control sanction meets the principles of sentencing under R.C. 2929.11 before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term.

*Foster*, 109 Ohio St.3d 1, 22-23, 845 N.E.2d 470 (2006).  Considering the latitude of the sentencing judge to decide between community control sanctions and prison, it is clear that this aspect of Ohio's sentencing scheme is indeterminate and, consequently, constitutional.

Lawhun's *Blakely* argument also challenges the validity of the state trial court's imposition of consecutive sentences.  *Apprendi* and *Blakely*, however, do not preclude the imposition of consecutive sentences.  Indeed, "the prescribed statutory maximum for *Apprendi* purposes would be the sum of the statutory maximums for each of the counts upon which the defendant was convicted."  *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002).  In the present case, the state trial court sentenced Lawhun to consecutive prison terms for a total 60 months, well under the maximum possible consecutive sentence of 76 months.  Moreover, although the Ohio Supreme Court struck § 2929.14(E)(4), which permitted consecutive sentences but required judicial fact-finding, *Foster*, 109 Ohio St.3d at 29, Lawhun's sentence is still valid.  While the state trial court announced the sentence using the language of § 2929.14(E)(4), in a manner consistent with then-valid state law, the state trial court did not

1:05 CV 2491							14

engage in the type of fact-finding precluded by *Apprendi* and *Blakely*.  In its Judgment Entry of Sentence, the trial court explained its decision to require Lawhun to serve consecutive sentences:

> These sentences are imposed consecutively because the Court finds, after due consideration that consecutive sentences are necessary to protect the public and to punish this offender and are not disproportionate to the seriousness of the offender's conduct.  The Court further finds that these offenses were committed while the offender was released on bond in case number 02-CR-0122 and further that the Defendant's criminal history demonstrates that they are necessary to adequately protect the public.

(Resp. Return of Writ, Exhibit I at 2).  Lawhun's sentence is distinguishable from the sentences imposed in *Apprendi* and *Blakely* because it is based on the admitted crime and Lawhun's prior criminal history; therefore, his sentence does not violate the Sixth Amendment.

*Conclusion regarding Lawhun's Blakely claims:*

Lawhun's sentence is based on conclusions which logically follow from Lawhun's guilty plea and his failure to object to the presentencing report.  *Cf. United States v. Spates*, 162 Fed.Appx. 592, 595 (6th Cir. 2006) (citing *Booker*, 543 U.S. at 244; *United States v. Burgin,* 388 F.3d 177, 182 (6th Cir.2004) (explaining that the defendant admitted facts contained in the indictment when the defendant entered a guilty plea), *cert. denied,*544 U.S. 936,(2005); *United States v. Stafford,* 258 F.3d 465, 475-476 (6th Cir 2001) (finding that the defendant was deemed to have admitted facts contained in the PSR to which defendant failed to object)).

1:05 CV 2491                                    15

*Ground Four:*

*Ineffective Assistance of Trial Counsel:*

Finally, Lawhun contends he was denied his Sixth Amendment right to effective counsel on the grounds that his attorney did not raise the *Blakely* argument at sentencing. "To prove ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice." *Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Deficient performance "[f]alls below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and in order to establish prejudice, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because Lawhun's *Blakely* claim is insufficient and there was no prejudice to him, his argument that counsel was ineffective for not raising that argument is without merit

*Conclusion:*

Based upon review of the petition and applicable law, the petitioner's motion for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, should be denied.

                                                     /s/James S. Gallas
                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the

1:05 CV 2491 16

specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).